IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TIMOTHY R. HOUSER, | : |
| Plaintiff, | : |
| v. | : Civ. No. 20-269-CFC |
| CHERICE EVANS, et al., | : |
| Defendants. | : |

Timothy R. Houser, Sussex Community Correctional Center, Georgetown, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

July 13, 2021
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

## I. INTRODUCTION

Plaintiff Timothy R. Houser, an inmate at Sussex Community Correctional Center in Georgetown, Delaware, filed this lawsuit on February 24, 2020. (D.I. 2) The Court screened and dismissed the original complaint and gave Plaintiff leave to amend. He filed an Amended Complaint and also requests counsel. (D.I. 11, 12) Plaintiff proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. The Court proceeds to review and screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## II. BACKGROUND

The original Complaint alleged violations of Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983[1] including violations of the "1st Amendment, due process, impartial hearing officer, retaliation, 8th Amendment, deliberate indifference, 14th Amendment, equal protection." (D.I. 2 at 14) All claims were dismissed and Plaintiff was given leave to amend an equal protection claim, mental health and medical needs claims, and a retaliation claim against Defendant Counselor Cecchini. (D.I. 8, 9) The Court determined that amendment was futile as to all other claims. (D.I. 9 at ¶ 3)

The Amended Complaint contains a chronology of events from March 2, 2019 through April 4, 2019, when Plaintiff was housed at Howard R. Young Correctional Institution (HRYCI), and continuing from April 5, 2019 through August 27, 2020 when Plaintiff was transferred and housed at James T. Vaughn Correctional Center (JTVCC).

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

(D.I. 2 at 14-15, 20) Plaintiff's HRYCI allegations refer to deliberate indifference to serious medical/mental health needs; a disciplinary write-up and disciplinary hearing and appeal, a new security classification; retaliation, and discrimination. (D.I. 11-1 at 3-7) Plaintiff's JTVCC claims refer to a wrongful transfer, failure of prison officials to correct his classification, housing, and retaliation. (*Id.* at 7-19)

Plaintiff sues all defendants in their individual capacities for compensatory, punitive and nominal damages, and all defendants in their official capacities for injunctive relief in the form of good time credit and an order precluding him from being housed at JTVCC and HRYCI. (D.I. 11)

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v.*

3

*Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Retaliation

The Court dismissed due process, classification, and transfer claims that were raised in the original complaint. Plaintiff was not given leave to amend these claims due

4

to futility in amendment. He was, however, given leave to amend a retaliation claim against Cecchini.

In order to establish a retaliation claim Plaintiff must allege that: (1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected activity was a substantial or motivating factor in the decision to discipline him. See Watson v. Rozum, 834 F.3d 417, 420 (3d Cir. 2016).

Rather than raise a sole claim of retaliation against Cecchini as allowed, Plaintiff realleges due process, classification, and transfer claims through the guise of retaliation claims against numerous Defendants employed by the Department of Corrections (DOC), including the DOC Commissioner, Bureau Chief, HRYCI and JTVCC Wardens and Deputy Wardens, Correctional Officers, Counselors, Multi-Disciplinary Team Members, and Institution Based Classification Committee Members. D.I. 11 at 13 (identified in Factual Bases #1, 12, and #13). Plaintiff alleges that the DOC Defendants retaliated against him for exercising his First Amendment right to address complaints directed to prison officials through appeals and letters to counselors all the way up the chain of command to the Wardens and Commissioner, and that Plaintiff suffered adverse actions when the DOC Defendants gave him an unfavorable classification, placed him in segregated confinement, transferred him to Max/SHU, and denied him a transfer to the Key Program. (D.I. 11 at 13, 14, D.I. 11-1 at 1, 21, 26, 27) Plaintiff alleges he was retaliated against through Fifth Amendment due process violations, Eighth Amendment cruel and unusual punishment violations when he was housed in Max/SHU, and Fourteenth Amendment discrimination. (D.I. 11 at 15-18) Plaintiff

alleges that retaliation in the classification process still occurs because is not allowed to go to the Key Program or be classified to the program. (D.I. 11-1 at 17)

Plaintiff approaches the claims under the theory of retaliation. These claims, however, were dismissed, and Plaintiff was not given leave to amend the claims. Nonetheless, he has done so in an apparent effort to side-step or flout this Court's prior ruling. The claims will be dismissed for this reason alone. But in any event, the allegations do not state a claim for retaliation since the allegations do not demonstrate that Plaintiff endured or was subjected to conditions that constituted an adverse action or that amounted to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *See Verbanik v. Harlow*, 512 F. App'x 120, 122-123 (3d Cir. 2013) (Plaintiff failed to state a retaliation claim as a matter of law because he did not demonstrate that the living conditions he endured constituted an adverse action).

Plaintiff also alleges conspiracy to violate his civil rights again under a retaliation theory. (D.I. 11 at 13) On March 15, 2019, Plaintiff was emergently classified by Cecchini and assessed 22 points with Max/SHU status. (D.I. 11-1 at 4) Plaintiff believed this was the result of a conspiracy among Defendants Cherice Evans, Jose J. Hernandez, Major Fields, Warden Akinbayo, Cecchini, and a member of security, due to the suspiciousness of the timing of his appeal, his complaints, and his unfavorable classification. (*Id.* at 5) This claim is not supported by the facts and is conclusory. *See Iqbal*, 556 U.S. at 678 (stating that a complaint will not suffice if it "offers [merely] 'labels and conclusions' " or " 'naked assertion [s]' devoid of 'further factual enhancement' ") (quoting *Twombly*, 550 U.S. at 555, 557). Merely reciting an element of a cause of

action or making a bare conclusory statement is insufficient to state a claim. See *Iqbal*, 556 U.S. at 678.

Accordingly, the Court will dismiss all retaliation claims.

**B. Medical Needs**

Plaintiff alleges that on January 23, 2019, Defendant Michelle Marcantuno was deliberately indifferent by her hostile and "bad attitude" towards Plaintiff, that she commented that Plaintiff had been off medication for six months, that Plaintiff was "drug seeking," and when Plaintiff tried to get someone to witness Marcantuno's conduct, she terminated the visit. (D.I. 11 at 23; D.I. 11-2 at 2) Plaintiff alleges the termination of the visit was "an extreme case of bad judgment." (D.I. 11 at 24; D.I. 11-2 at 2) Plaintiff alleges that Marcantuno caused a delay in his treatment which caused him substantial mental health harm. (*Id.*) Plaintiff was seen by a physician on March 29, 2019, diagnosed with severe mental illness, and placed on medication. (D.I. 11 at 24; D.I. 11-2 at 4)

On February 7, 2019, Plaintiff was sent to medical for an emergency visit. (D.I. 11-2 at 10) Plaintiff was examined and treated by Defendant medical provider Mitchell White and nurse John Bellati.[2] (*Id.*) Plaintiff alleges that White was deliberately indifferent to Plaintiff's medical condition by his bad attitude and because he was busy and irritated with Plaintiff. (D.I. 11 at 26; D.I. 11-2 at 11) Plaintiff alleges that White "did cursory tests that amounted to no treatment at all, that he did not do adequate examinations, ask necessary questions or conduct other tests that Plaintiff's symptoms called for." (D.I. 11 at 26) He alleges that White did not follow professional standards

---

[2] Bellati is not a named defendant.

7

and do appropriate tests, and that the medical care was so cursory as to amount to no treatment at all. (*Id.*) Following Plaintiff's transfer to JTVCC, a test in April indicated that Plaintiff was diabetic. (*Id.*) Plaintiff alleges that had White diagnosed the condition and had his mental illness been treated, he would not have been dizzy and disoriented which was the cause of the March 2, 2019 incident for fighting that resulted in a disciplinary write-up. (D.I. 11-2 at 13-14)

Although "[a]cts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" constitute cruel and unusual punishment under the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), merely negligent treatment does not give rise to a constitutional violation, *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). It is apparent from the allegations that Plaintiff was offended by the medical defendants' manner of dealing with him. The allegations indicate, however, that he received both mental health and medical care. Because Plaintiff's allegations amount to "mere disagreement as to the proper medical treatment," they are insufficient to state a plausible constitutional violation. *Id.* (quotation marks omitted); *see also Norris v. Frame*, 585 F.2d 1183, 1186 (3d Cir. 1978) ("Where the plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim.") (quotation marks omitted). Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation).

Therefore, the Court will dismiss the medical and mental health claims.

### C. Equal Protection

Plaintiff alleges that he belongs to a protected class and, because he chose to exercise his First Amendment rights, Defendants discriminated against him. (D.I. 11 at 17) Plaintiff believes there was racial and religious discrimination because of statements made by officials and because he is a member of a class that will exercise his rights. (D.I. 11 at 17; D.I. 11-1 at 28.) The basis for the claim is that another inmate assessed with more points than Plaintiff was not transferred to Max/SHU, and Plaintiff was transferred Plaintiff alleges this is discrimination. (D.I. 11-1 at 28)

To state an equal protection claim, Plaintiff must allege (1) that he is a protected class member and (2) that he was treated differently from similarly situated persons outside his protected class. See *Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d at 423-24; *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1478 (3d Cir. 1990). "Protected classes include those based upon suspect distinctions, such as race, religion, and alienage, and those impacting fundamental rights." *Trefelner ex rel. Trefelner v. Burrell Sch. Dist.*, 655 F. Supp.2d 581, 589 (W.D. Pa. 2009). "To support a claim for violations of equal protection rights, '[a] plaintiff must at least allege and identify the actual existence of similarly situated persons who have been treated differently and that the government has singled out plaintiff alone for different treatment.'" See *White v. School Dist. of Philadelphia*, 2008 WL 2502137 (E.D. Pa. June 19, 2008), aff'd, 326 F. App'x. 102 (3d Cir. 2009) (citations omitted).

Plaintiff failed to cure the equal protection claim upon amendment. The Amended Complaint does not describe Plaintiff's race or religion but refers to his class as "a member that will exercise his rights." (D.I. 11-1). This does not allege a member

9

of a protected class. And, the allegations do not suffice to state an equal protection claim. Therefore, the claim will be dismissed.

D. **Amendment**

Plaintiff was provided an opportunity to amend to cure his pleading defects, yet he failed to do so. Because Plaintiff failed to remedy his pleading defects, despite notice and his familiarity with the pleading requirements, granting him another opportunity to amend his complaint would be futile. *Jones v. Camden City Bd. of Educ.*, 499 F. App'x 127, 129 (3d Cir. 2012) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d at, 108 and *Foman v. Davis,* 371 U.S. 178, 182 (1962).

V. **CONCLUSION**

For the above reasons, the Court will: (1) deny as moot Plaintiff's request for counsel (D.I. 12); and (2) dismiss the Amended Complaint for failure to state claims upon which relief may be granted. Amendment is futile.

An appropriate order will be entered.